IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA A. TWOHIG, SPN #02590580, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-4194 |
| GOD, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joshua A. Twohig (SPN #02590580) is an inmate in custody of the Harris County Jail. Twohig has filed a Prisoner Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1) against God. Twohig has also filed an Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry No. 2). Because Twohig is incarcerated, the court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). After reviewing all of the pleadings as required, the court concludes that this case must be dismissed for reasons explained briefly below.

## I. Discussion

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Lefall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted). In other words, the alleged violation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." Id.

Twohig does not allege any facts showing that God is a state actor for purposes of a claim under § 1983 or that God is otherwise responsible for violating his civil rights. Under these circumstances, Twohig fails to state a claim for which relief may be granted. More importantly, the Complaint appears to be specious and is therefore frivolous. See Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (noting that a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional"). For these reasons, this

-2-

civil action will be dismissed with prejudice.

## II. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs filed by the plaintiff, Joshua A. Twohig (Docket Entry No. 2) is **GRANTED**.

2. The plaintiff shall pay the full balance of the filing fee for indigent litigants ($350.00) in periodic installments as required by 28 U.S.C. § 1915(b). The agency having custody of the plaintiff shall collect this amount from the plaintiff's inmate trust fund account or institutional equivalent, when funds are available, forward it to the Clerk.

3. This case is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

4. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk will provide copies of this Memorandum Opinion and Order to the plaintiff, to the Harris County Jail Inmate Trust Fund, Attn: Tom Katz, 1200 Baker Street, Houston, Texas, 77002; and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on this 15th day of November, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE